440 October 22, 2025 No. 926

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. B. A. A.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. R. A. A.,
*Appellant.*

Jackson County Circuit Court
23JU05535; A186515

Charles G. Kochlacs, Judge.

Submitted July 28, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jon ZunkeldeCoursey, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

In this juvenile dependency case, father appeals a judgment continuing the permanency plan of reunification for his three-year-old child, A. Father raises a single assignment of error, challenging the juvenile court's ruling that the Oregon Department of Human Services (ODHS) has made reasonable efforts to reunify A with father. Father argues that ODHS has not made reasonable efforts toward reunification. In particular, he argues, ODHS failed to offer him parent coaching. As explained below, we affirm.

Father has not requested *de novo* review, nor is it warranted.[1] We are therefore bound by the juvenile court's express and implied factual findings as to what efforts ODHS made, so long as evidence in the record supports them. *Dept. of Human Services v. C. H.*, 373 Or 26, 48, 559 P3d 395 (2024). Whether those efforts qualify as "reasonable" is a legal conclusion that we review for errors of law. *Id.* at 48-49.

When the permanency plan for a child is reunification, one of the determinations that the juvenile court must make after a permanency hearing is whether ODHS has made reasonable efforts to make it possible for the child to safely return home to the parent. ORS 419B.476(2)(a). Courts evaluate ODHS's efforts to reunify a parent and child "in light of the bases for [dependency] jurisdiction identified in the juvenile court's judgment." *C. H.*, 373 Or at 50. Reunification efforts are reasonable when, under the totality of the circumstances, they "give parents a full and fair opportunity to remediate the bases for jurisdiction to become at least minimally adequate parents." *Id.*

In this case, we conclude that the juvenile court did not err in determining that ODHS had made reasonable efforts to reunify A with father. ODHS offered father a variety of services to support him in ameliorating the

---

[1] *See* ORS 19.415(3)(b) ("Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."); ORAP 5.40(8)(c) (providing for the exercise of that discretion only in "exceptional cases"); ORAP 5.40(8)(d) (identifying nonexclusive considerations that may be relevant to our decision whether to exercise *de novo* review).

jurisdictional bases, and father made substantial progress through those and other services in which he engaged. As for parent coaching, that involves a professional observing and providing feedback on a parent's interactions with a child. Father's visits with A were temporarily suspended, at least initially with father's consent, due to A's extreme distress in response to visitation. ODHS worked diligently to obtain mental health care for A to make it possible for visitation to resume, which it did after a few months. It is true that ODHS did not provide parent coaching to father during that period, but ODHS did start parent coaching with father once the visits resumed, and it continued that coaching even when visitation was suspended again due to a no-contact order entered in a criminal case. Given ODHS's overall provision of services to father and A, including its efforts to get visitation resumed, the initial delay in starting parent coaching for father does not render ODHS's otherwise reasonable efforts unreasonable.

The juvenile court did not err in concluding, under the totality of the circumstances, that ODHS's efforts toward reunification were reasonable.

Affirmed.